The People of the State of New York er rel. Ernest Brown, Relator, v. Eugene M. Travis, as Comptroller of the State of New York, Defendant.

(Supreme Court, Albany Special Term, September, 1916.)

Statutes — legislative intent to reappropriate unexpended balance — city of Plattsburg.
Condemnation proceedings — mandamus — when appropriation lapses — legislative appropriation.

The legislative intent, by chapter 116 of the Laws of 1916, to reappropriate the unexpended balance of part of the former appropriation (Laws of 1914, chap. 95) made by chapter 616 of the Laws of 1915, and make it available for the cost and expense of acquiring a site upon which to erect a memorial in the city of Plattsburg to Commodore Thomas Macdonough, read in the light of the other legislation, is so clear that the statute of 1916 should not be nullified because of the inadvertent use therein of the date "November 1st, 1915" instead of "April 3, 1914."

Where by a judgment against the state in certain condemnation proceedings in which lands of relator were taken as a portion of a site upon which to erect the memorials mentioned in said statutes an award was made to relator, his application for a peremptory writ of mandamus to compel the state comptroller to issue his warrant to the state treasurer for the amount of said award will be granted as against the contention of said comptroller that the appropriation made by the legislature therefor had lapsed and no money was available for the purpose.

Application for a peremptory writ of mandamus.

John E. Judge, for relator.

Egburt E. Woodbury, Attorney-General (Harold J. Hinman, Deputy Attorney-General, of counsel), for defendant.

CHESTER, J.   The relator by this application seeks a peremptory writ of mandamus against the defendant as comptroller of the state to compel him to issue his warrant to the state treasurer for the amount of the order of the chairman and vice-chairman of the Plattsburg centenary commission in payment of the amount awarded to the relator in a judgment against the state in certain condemnation proceedings in which the lands of the relator were taken as a portion of a site upon which to erect a memorial in the city of Plattsburg to Commodore Thomas Macdonough. The comptroller opposes the application on the ground that the appropriation made by the legislature therefor has lapsed and therefore there is no money available for that purpose.

In 1913 by chapter 730 of the laws of that year as amended by chapter 828 of the same year, the appointment of a commission was authorized to provide for the celebration of the centenary of the battle of Plattsburg and making a small appropriation for the purpose. The following year by chapter 95 of the Laws of 1914, an act was passed enlarging the powers of the commission and making an additional appropriation therefor. In that act the commission was given the power to provide for, erect and establish a suitable memorial to Thomas Macdonough in the city of Plattsburg. The act was passed April 3, 1914. It contained an appropriation of $125,000, one-half of which, $62,500, was made available when the act took effect and the balance was made available November 1, 1915. This appropriation was for the purpose of defraying the necessary expenses of the celebration and for the erection of the memorial referred to and for the other purposes mentioned in the act. The last named act was amended by chapter 616 of the laws of 1915. The amendatory act enlarged the powers of the com-

mission by giving power to select a site for such memorial and to acquire the same by purchase or by condemnation under the Condemnation Law. The section containing the appropriation was also amended so that the appropriation was made available for the cost and expense of acquiring the site for such memorial as well as for the other purposes set forth in the law. The amendatory act contains the same provision as the original, that one-half of the appropriation shall be available when the act takes effect and the other half November 1, 1915.

The Plattsburg centenary commission appointed under the law retained counsel early in 1916 and took proceedings against this relator and several other property owners in Plattsburg to condemn their respective pieces of property for the purpose of placing thereon the memorial referred to. Thereafter the attorney-general was substituted as attorney for the commission and continued such condemnation proceedings to a conclusion, judgments being entered therein against the state in favor of these several owners for considerable amounts. Thereafter the several owners at the request of the attorney-general executed and delivered quit-claim deeds to the state of their respective properties and the owners have been required to and have vacated their property.

By chapter 116 of the Laws of 1916, enacted no doubt on the theory that the prior appropriation had lapsed, it was provided that " The sum of sixty-two thousand five hundred dollars ($62,500), being the unexpended balance of that portion of the appropriation made available on the third day of April, nineteen hundred and fourteen, for the purposes mentioned in chapter ninety-five of the laws of nineteen hundred and fourteen, entitled 'An act enlarging the powers of the commission created to provide for the celebration

of the centenary of the battle of Plattsburg and making an appropriation therefor,' as amended by chapter six hundred and sixteen of the laws of nineteen hundred and fifteen, is hereby reappropriated for the purposes set forth in such act.''

In the title of the act it was termed ''An act reappropriating an unexpended balance of part of a former appropriation made by chapter ninety-five of the laws of nineteen hundred and fourteen.''

It is the construction of the act ·last quoted, which must be made upon this application, and it must be construed in the light of the other acts referred to.

It appears that before the passage of this act, $62,-500 of the $125,000 originally appropriated had been expended. It is fair to assume that the legislature did not intend by the act to reappropriate the· moneys which had theretofore been spent in fulfilling the purposes of the law. There was, however, an unexpended balance of $62,500 on hand, but it was not, strictly speaking, the moneys made available on the 3d day of April, 1914, unless it be that the entire $125,000 was originally appropriated or made available at that time because that was the day when the original act of appropriation of the entire amount took effect with the limitations mentioned as to the time when the money could be used. If the act of reappropriation had been of the moneys available November 1, 1915, the act would have been entirely clear, and it was undoubtedly a clerical error or oversight that that date was not used instead of April 3, 1914. The legislature certainly could not have intended by the act of 1916 to reappropriate moneys which had already been spent. That would have been a senseless and useless effort. It appears clear to me that what the legislature intended by the enactment of chapter 116, laws of 1916, was to reappropriate the unexpended balance of

37

the $125,000 which remained after the first $62,500 had been applied to the purposes of the act. It practically says so in the title to the act, which may fairly be given weight in getting at the legislative intent, as well as in the act itself. The intent to reappropriate the unexpended balance of part of the former appropriation made by chapter 95 of the Laws of 1915, viz: the unexpended sum of $62,500, which was passed April 3, 1914, is so clear that the act should not be nullified because of the apparently inadvertent use of a wrong date in the law.

That intent is also clear when the act of reappropriation is read in the light of the other legislation and the facts concerning the matter which have been referred to.

The application should be granted with ten dollars costs.

Like orders may be entered in the four other kindred cases.

Application granted, with ten dollars costs.